■ ESTELLE WILES, Respondent, v THEODORE WILES, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered February 10, 1975 in Sullivan County, which denied defendant's motion to vacate a judgment of divorce granted against him. On August 17, 1974, the plaintiff obtained a default judgment of divorce against the defendant. Shortly thereafter, defendant commenced this proceeding by an order to show cause why the default judgment should not be vacated, contending that personal jurisdiction over him had not been obtained in that he had never been served with process. A hearing was held at which the plaintiff, the defendant, the person who allegedly served the summons, and another witness testified. At the conclusion of the hearing the court at Special Term found that defendant had been personally served with a summons on June 21, 1974, whereupon an order was issued denying defendant's motion. On this appeal defendant contends that the findings of Special Term were contrary to the weight of the evidence. We disagree. While the record reveals a conflict in the testimony, Special Term having had an opportunity to observe the demeanor of the witnesses and weigh their credibility, had more than an adequate basis for making its findings. The process server testified to having personally handed the summons to defendant, and plaintiff testified that she witnessed this transaction. Another witness, who was a neighbor of the parties, testified to remarks having been made by defendant which indicated a knowledge of the existence of a law suit prior to the date upon which defendant alleges he first had knowledge of the suit. There is, therefore, no basis on the record, in law or in fact, for disturbing the findings of Special Term. Defendant's contention that the court erred in refusing to require the process server to read with eyeglasses is totally

devoid of merit. Order affirmed, with costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.